IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MIRANDA L. RICHARDS,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 375, 2021 |
| Appellant, | § | |
| | § | Court Below–Family Court |
| v. | § | of the State of Delaware |
| | § | |
| DAVID BRIGGS (deceased), | § | File No. CK18-02944 |
| | § | Pet. No. 21-20899 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: December 14, 2021
Decided: December 21, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and their exhibits, it appears to the Court that:

(1)    On August 31, 2021, Miranda Richards filed a Petition to Enforce a July 29, 2019 Stipulation Agreement and Order, as modified on October 21, 2020 (the "Stipulated Order") regarding certain real property (the "Marital Home") against her ex-husband, David Briggs, in the Family Court. Under terms of the Stipulated Order, Briggs conditionally retained the Marital Home, which is subject

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

to two mortgage liens. Following Briggs' death on November 6, 2021, Richards filed an emergency motion and affidavit for *ex parte* authority to sell the Marital Home. Richards argued that the immediate sale of the Marital Home was desirable because the value of the Marital Home is currently being diminished by growing mortgage debt attributed to Briggs' default on the Marital Home's mortgages. By order dated November 18, 2021 (the "Order"), the Family Court denied the emergency motion, noting that trial on the Petition to Enforce the Stipulated Order was scheduled for March 15, 2022, and finding that further interim relief was not warranted.

(2) On December 1, 2021, Richards asked the Family Court to certify an interlocutory appeal from the Order under Supreme Court Rule 42. Richards maintained that interlocutory review of the Order is appropriate because appellate review will stop further erosion of the value of the Marital Home. Richards also argued that interlocutory review of the Order would serve the considerations of justice. Briggs' attorney of record[2] opposed the application.

(3) On December 13, 2021, the Family Court denied the application. The Family Court considered the Rule 42(b)(iii) factors and concluded the Order did not meet any of the criteria warranting interlocutory review. Noting that Briggs' death

---

[2] At the time, neither the respondent nor the petitioner had requested the substitution of a party because of Briggs' death under Family Court Civil Procedure Rule 25(a).

had not extinguished his claims or his defenses under the Stipulated Order, the Family Court found that the interests of justice weighed in favor of permitting the respondent's estate, heirs, or beneficiaries an opportunity to join as a party to the Family Court proceedings and assert those claims and defenses.

(4)     We agree with the Family Court that interlocutory review is not warranted in this case.  Applications for interlocutory review are addressed to the sound discretion of the Court.[3]  In the exercise of its discretion and giving due weight to the Family Court's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Order do not exist in this case,[4] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[5]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ Karen L. Valihura_____
Justice

---

[3] Del. Supr. Ct. R. 42(d)(v).

[4] Del. Supr. Ct. R. 42(b)(ii).

[5] Del. Supr. Ct. R. 42(b)(iii).

3